**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CENTURY SURETY COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV. ACT. NO. 1:25-cv-178-TFM-N** |
| | ) | |
| **MONTASER SHAHROUJ,** | ) | |
| **STEPHEN LAWRENCE WRIGHT,** | ) | |
| **and MAYA WHOLESALE, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on the motion for summary judgment under Federal Rule of Civil Procedure 56 (Doc. 43, filed December 12, 2025), by the Plaintiff, Century Surety Company ("Century"), with separately filed supporting exhibits (Doc. 42). In accordance with the Court's briefing schedule (Doc. 44), Defendants Maya Wholesale, Inc. ("MWI") and Montaser Shahrouj (collectively, "the Maya Defendants") filed a response in opposition (Doc. 50), with separate supporting exhibits (Doc. 49), and Century filed a reply (Doc. 51) to the response.[1] Century's motion is now under submission and ripe for disposition.2 Upon due consideration, the Court finds that oral argument is not needed, that Century's motion for summary judgment (Doc. 43) is due to be **GRANTED**.

---

[1] The third defendant, Stephen Lawrence Wright, who is defending this case without counsel (*pro se*), filed no response to the motion, and indeed has filed nothing further with the Court since filing his answer to the first amended complaint on June 6, 2025 (Doc. 18). However, the Court must also note that the motion for summary judgment is not asserted against Defendant Wright. Therefore, this declaratory judgment opinion relates only to the Maya Defendants.

2 The Court previously referred the matter to the Magistrate Judge for disposition and recommendation of the motion as appropriate, but the undersigned now **VACATES** the referral as it relates to the motion for summary judgment.

## I. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The Court has personal jurisdiction over the claims in this action because the events that gave rise to this action occurred within this district and both defendants are citizens and reside in this district. *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291-92 (11th Cir. 2000) ("Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint . . . . General personal jurisdiction, on the other hand, arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated. The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state."). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that gave rise to the claims in this matter occurred in this judicial district.

No party disputes or debates the Court's jurisdiction or venue, and the Court finds adequate support for both.

## II. BACKGROUND

On October 23, 2024, Stephen Lawrence Wright, an additional defendant in this declaratory action, filed a complaint in the Circuit Court of Baldwin County, Alabama (Case No. 05-CV-2024-901525.00), against Up n Smoke #6, Inc., Shahrouj (an "incorporator" of Up n Smoke #6), and other named and fictitious defendants (Doc. 5-1). The complaint asserted tort causes of action arising from injuries Wright suffered when a Molicel vape battery, allegedly purchased from Up n Smoke #6's store at 2650 S McKenzie Street in Foley, Alabama, caught fire in his pocket while he was leaving his place of work in Bon Secour, Alabama, on November 1,

2022. (*See id.*). On April 30, 2025, Wright amended his complaint to add MWI as a defendant in his state court action, alleging that it distributed the defective vape battery to Up n Smoke #6. (Doc. 24-1).

In this action, Century seeks a judgment declaring that it has no duty to either indemnify or defend the Maya Defendants in Wright's state court lawsuit under a Commercial General Liability Policy (No. CCP1064652) it issued to MWI for the period of August 12, 2022, to August 12, 2023 (hereinafter, "the Policy"). (*See* Doc. 24).[3]

## III. STANDARD OF REVIEW

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a), (b). Summary judgment is appropriate when the moving party establishes there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see also Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) ("Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Ritchey v. S. Nuclear Operating Co.,* 423 F. App'x 955 (11th Cir. 2011) (quoting *Anderson*, 477 U.S. at 248).[4] At the summary judgment

[3] Shahrouj is MWI's president (*see* Doc. 42-3, PageID.719), and is therefore also an "insured" under the Policy "with respect to [his] duties as [one of MWI's] officers or directors." (Doc. 24-2, PageID.542).

[4] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Only disputes about the material facts will preclude the granting of summary judgment. *Id*.

The movant bears the initial burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

Once the movant meets its burden under Fed. R. Civ. P. 56, the non-movant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A genuine issue of material fact exists when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Moore ex rel. Moore v. Reese*, 637 F.3d 1220, 1232 (11th Cir. 2011) (quoting *Anderson*, 477 U.S. at 248). The court must view the facts and draw all reasonable inferences in favor of the non-moving party. *Id*. (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)); *Greenberg*, 498 F.3d at 1265 ("We view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion."). However, to avoid summary judgment, the nonmoving party "must do more than

simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (citations omitted). Conclusory assertions, unsupported by specific facts, that are presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). "Speculation does not create a *genuine* issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50 (emphasis in original) (citations omitted). In short, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing that is sufficient to establish the existence of an element that is essential to that party's case. *Celotex*, 477 U.S. at 322.

Further, a district court is only required to consider "the cited materials" when deciding a summary judgment motion. Fed. R. Civ. P. 56(c)(3). While the court also "may consider other materials in the record[,]" *id.*, "[m]aking district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts…[D]istrict court judges are not required to ferret out delectable facts buried in a massive record," *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (habeas corpus proceedings), and "'[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.'" *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (quoting *Resol. Tr. Corp.*, 43 F.3d at 599).

Finally, Fed. R. Civ. P. 56(e) also provides that "[i]f a party fails to properly support an

assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

## IV. DISCUSSION AND ANALYSIS

> Under Alabama law,[[5]] "the party seeking coverage under the Policy[ ] bears the burden of proving that coverage exists," *Pa. Nat'l Mut. Cas. Ins. Co. v. St. Catherine of Siena Parish*, 790 F.3d 1173, 1180 (11th Cir. 2015) (citing *Ala. Hosp. Ass'n Trust v. Mut. Assurance Soc'y of Ala.*, 538 So. 2d 1209, 1216 (Ala. 1989)), but the insurer bears the burden of proving an exclusion applies, *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1, 12 (Ala. 2001). *See also Belt Auto. Indem. Ass'n v. Ensley Transfer & Supply Co.*, 211 Ala. 84, 99 So. 787, 790 (1924) (explaining that the burden is on the insurer to show an exclusion applies because, "[w]hen an insurance policy contains a general liability clause, *followed by a clause or clauses which except specified cases from the operation of the policy*," the exceptions are in the nature "of [an] affirmative defense," as to which "the onus of allegation and proof is ...upon the defendant" (emphasis added)).
>
> …
>
> Under Alabama law, insurance contracts are subject to the same rules of interpretation as any other contract. *Safeway Ins. Co. of Ala. v. Herrera*, 912 So. 2d 1140, 1143 (Ala. 2005); *Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So. 2d 687, 691 (Ala. 2001). If the terms of the insurance contract are unambiguous, the

---

[5] "Because this case is brought into federal court based on diversity of the citizenship of the parties, the substantive law of the forum must be applied (including its rules applicable to choice-of-law problems)." *Stone v. Wall*, 135 F.3d 1438, 1441 (11th Cir. 1998) (per curiam). No party has given any indication that any law but Alabama's applies to interpretation of the Policy. *See id.* at 1442 ("Foreign law is a fact to be pleaded and proved; and when the contrary is not alleged, the law of the sister state will be assumed to be the same as [the forum state's] law."). *See also Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1208 (11th Cir. 2018) ("Under our precedents, a party waives its opportunity to rely on non-forum law where it fails to timely provide—typically in its complaint or the first motion or response when choice-of-law matters—the sources of non-forum law on which it seeks to rely.").

court must enforce them as written. *Safeway*, 912 So. 2d at 1143; *Liggans R.V. Ctr. v. John Deere Ins. Co*., 575 So. 2d 567, 569 (Ala. 1991).

"Whether an insurance company owes its insured a duty to provide a defense in proceedings instituted against the insured is determined" under Alabama law "primarily by the allegations contained in the complaint." *Tanner v. State Farm Fire & Cas. Co*., 874 So. 2d 1058, 1063 (Ala. 2003). And an "insurer's duty to defend is more extensive than its duty to [indemnify]," *Porterfield v. Audubon Indem. Co*., 856 So. 2d 789, 791 (Ala. 2002) (alteration in original) (quoting *United States Fid. & Guar. Co. v. Armstrong*, 479 So. 2d 1164, 1168 (Ala. 1985)), meaning that, "[i]f the allegations of the injured party's complaint show an accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend regardless of the ultimate liability of the insured," *Chandler v. Ala. Mun. Ins. Co*., 585 So. 2d 1365, 1367 (Ala. 1991) (citation omitted). But the duty to defend does not *exclusively* depend on the complaint: "[i]f the complaint against the insured does not, on its face, allege a covered accident or occurrence, but the evidence proves one, then the insurer likewise owes the duty to defend." *Tanner*, 874 So. 2d at 1065. Thus, "[t]he insurer owes no duty to defend only if neither ... the complaint against the insured allege[s] ... nor ... the evidence in the litigation ... prove[s] a covered accident or occurrence." *Tanner*, 874 So. 2d at 1065.

…

[U]nder Alabama law, it is "often" the case that "a court can only determine whether there is ... a duty to indemnify—based on facts adduced at the trial of the underlying action." *James River Ins. Co. v. Ultratec Special Effects Inc.*, 22 F.4th 1246, 1252 n.5 (11th Cir. 2022); *Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1013 (Ala. 2005) (similar). And of course, "there will be nothing to indemnify unless and until damages are assessed against the insured in [the underlying] action." *James River Ins. Co.*, 22 F.4th at 1252 n.5. But that does not mean…that "the duty to indemnify is not ripe" for decision under Alabama law unless and until "the insured is held liable in the underlying litigation."

*Snell v. United Specialty Ins. Co.*, 102 F.4th 1208, 1215-18 (11th Cir. 2024) (footnotes omitted). "[T]he duty to indemnify under Alabama insurance law *can*, at least under some circumstances, be decided before the underlying action reaches judgment[,]" such as when a policy "forecloses any duty to indemnify for the same reason it forecloses any duty to defend." *Id.* at 1219.

In the present motion, Century advances two grounds for why the Policy provides no coverage for Wright's suit: (1) Wright's injury did not occur on a covered premises; and (2) the

vape battery caused Wright's injury after the Maya Defendants had "relinquished possession" of it. The Court agrees that the first ground precludes any coverage under the Policy; it is therefore unnecessary to address the second ground.

A "Classification and Location Limitation Endorsement" (hereinafter, "Location Limitation Endorsement") modified the Policy so that it "applies to 'bodily injury' and 'property damage' caused by an 'occurrence' that takes place in the 'coverage territory' only if[,]" among other things, "[t]he 'bodily injury' or 'property damage'…[o]ccurs on the premises, or on the grounds and structures appurtenant to those premises, shown on the Commercial General Liability Coverage Declarations and its endorsements or supplements." (Doc. 24-2, PageID.567). The Policy's "Commercial General Liability Coverage Part Declarations" lists twelve addresses "own[ed], rent[ed] or occup[ied]" by Maya. (*Id.*, PageID.532).[6] Century argues that no coverage is owed for Wright's lawsuit because, per his complaint, his injuries occurred on his employer's property in Bon Secour, which is not one of the premises listed on the "Commercial General Liability Coverage Part Declarations."

In response, the Maya Defendants do not argue that the Limitation Endorsement is inapplicable or unenforceable, do not dispute where Wright's injuries occurred, and do not argue that the Bon Secour location is covered by the Policy. Instead, they argue that coverage is not precluded because certain acts leading to the injury—the sale and distribution of the vape battery; the failure to provide warnings or instructions about it; the failure to inspect, supervise, or otherwise ensure its safety—allegedly occurred at the 2650 S McKenzie Street property, which is a covered premises in the Policy. (*See id.*). However, the Court agrees with Century that this

[6] No party cites to any "endorsements or supplements" purporting to modify the list of properties in the "Commercial General Liability Coverage Part Declarations."

argument is premised on the Maya Defendants' inaccurate paraphrasing of the Location Limitation Endorsement as applying "to bodily injury…caused by an occurrence on the insured premises…" (Doc. 50, PageID.782). Rather, the Location Limitation Endorsement clearly states that " 'bodily injury'…caused by an 'occurrence' " is covered "only if" "[t]he 'bodily injury' "—rather than the "occurrence" itself—"[o]ccurs on [one of] the [covered] premises…" (Doc. 24-2, PageID.567). Here, it is undisputed that Wright's "bodily injury" did not occur on a covered premises. Thus, the "Location Limitation Endorsement" precludes coverage of Wright's lawsuit.

## IV. CONCLUSION

In accordance with the foregoing analysis, it is **ORDERED** that Century's motion for summary judgment (Doc. 43) is **GRANTED**. Therefore, it is **ADJUDGED** and **DECREED** that Century owes no duty to either indemnify or defend the Maya Defendants in Wright's state court lawsuit under the Policy.

The Second Amended Complaint (Doc. 24) names Stephen Lawrence Wright (plaintiff in the Underlying Suit) as a defendant in this declaratory judgment case. However, as noted in footnote 1 of this opinion, the motion for summary judgment was only asserted against the Maya Defendants (Montaser Shahrouj and Maya Wholesale, Inc.). Therefore, this case is **REFERRED BACK** to the Magistrate Judge for further proceedings as they relate to Defendant Wright.

**DONE** and **ORDERED** this the 29th day of September 2026.

*/s/* Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE